IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN A. DAVIS, | ) | |
| | ) | Civil Action No. 16-47 J |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | District Judge Kim R. Gibson |
| DANIEL O'NEILL, | ) | |
| S. GINGERICH, JR. | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

For the following reasons, it is respectfully recommended that the Order [ECF No. 5] that granted Plaintiff's motion for leave to proceed *in forma pauperis* be vacated. Upon further review, it appears that, at the time of the filing of the instant civil rights action, Plaintiff had already acquired at least "three strikes" within the meaning of 28 U.S.C. § 1915(g). Therefore, Plaintiff's motion to proceed *in forma pauperis* [ECF No. 1] should be denied and he should be required to pay the entire $350.00 filing fee along with the $50.00 administrative fee within 21 days of adoption of this report or face dismissal for failure to prosecute.

II. **REPORT**

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates who seek leave to proceed *in forma pauperis*. 28 U.S.C. § 1915A. One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," Jones v. Bock, 549 U.S. 199, 204 (2007), entails ensuring

1

that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis* litigation. Towards that end, Congress enacted 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless a prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] It is the inmate-plaintiff's burden to prove entitlement to *in forma pauperis* status. See, e.g., White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under § 1915(g), we look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights." Lopez v. United States Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007) (citing Jennings v. Natrona Cnty Det. Center Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) and Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996)). "[L]awsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g)." Keener v. Pennsylvania Bd. of Prob. & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

---

[1] There is nothing in the complaint that adequately alleges imminent danger of serious physical injury at the time of the filing of the motion for leave to proceed *in forma pauperis*.

2

Case law construing § 1915(g) requires clarity regarding the grounds of dismissal before a dismissal order may count as a strike against the inmate-plaintiff. As the United States Court of Appeals for the Third Circuit has observed: "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013).

Further, by its terms, § 1915(g):

> [S]peaks of possible strikes only in terms of "an action or appeal ... that was dismissed" on one of the enumerated grounds, 28 U.S.C. § 1915(g). Thus, "[u]nder the plain language of the statute, only a dismissal may count as a strike, not the affirmance of an earlier decision to dismiss." Jennings v. Natrona Cnty. Det. Center Med. Facility, 175 F.3d 775, 780 (10th Cir.1999). Also, . . . , "[t]he choice of the word 'dismiss' rather than 'affirm' in relation to appeals was unlikely an act of careless draftsmanship," but rather may be "most plausibly understood as a reference to section 1915(e)(2), which requires the court to '*dismiss* the case at any time if the court determines that ... the action or *appeal* ... is frivolous or malicious; [or] fails to state a claim on which relief may be granted.'" Thompson, 492 F.3d at 436 (emphasis and alterations in original) (quoting 28 U.S.C. § 1915(e)(2)(B)(i), (e)(2)(B)(iii)). Therefore, a dismissal of an appeal on one of the enumerated grounds counts as a PLRA strike, while an affirmance of a district court's dismissal does not, even if the underlying dismissal itself counts as a strike

Ball v. Famiglio, 726 F.3d 448, 464 (3d Cir. 2013).

A review of the federal court dockets available on PACER, of which this Court may take judicial notice, reveals that it appears that Plaintiff has accumulated at least "three strikes" for purposes of § 1915(g). See Opinions & Orders in Davis v. King, et al., No. 3:99-cv-1280 (N.D. Tx. May 23, 2000, June 27, 2000, Aug. 14, 2000) (dismissal for failure to state a claim); Judgements in Davis v. King, et al., Nos. 00-10768, 00-10525 & 00-10923 (5th Cir. Apr. 6, 2001)

(dismissing appeals as frivolous); Opinion & Order in <u>Davis v. The United States Congress</u>, No. 02-cv-2166 (D. D.C. Aug. 29, 2003) (dismissing complaint sua sponte for failure to state a claim). Accordingly, he may not proceed *in forma pauperis*.

### III. **CONCLUSION**

For the aforementioned reasons, it is respectfully recommended that the Order [ECF No. 5] that granted Plaintiff's motion for leave to proceed *in forma pauperis* be vacated, that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] be denied in accordance with 28 U.S.C. § 1915(g), and that Plaintiff be required to pay the entire $350.00 filing fee along with the $50.00 administrative fee within 21 days of adoption of this report or face dismissal for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the Plaintiff is allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: March 17, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge